**SIGNED THIS: May 26, 2011**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MICHELE J. GESELL, | )   No. 10-83319 |
| | ) |
| Debtor. | ) |

**O P I N I O N**

This matter is before the Court on the motion by the Debtor, Michele J. Gesell (DEBTOR), for sanctions against Sabre Group, Inc. (SABRE) for a willful violation of the automatic stay under 11 U.S.C. § 362(k). The facts are undisputed. The DEBTOR owns and occupies, as her residence, the real estate commonly known as 307 S. Kerlin Drive, Mackinaw, Illinois. The real estate taxes for 2007 were purchased by SABRE at a penalty rate of 3% with a redemption deadline of May 2, 2011. SABRE also purchased the taxes for 2009.

SABRE was not scheduled as a creditor when the DEBTOR filed her Chapter 13 petition on October 26, 2010. Instead, SABRE was added to the case as a secured creditor

when the DEBTOR filed an amendment to Schedule D on November 19, 2010. That same day, she filed a second amended plan that classified SABRE as holding a secured claim for the taxes to be paid through the plan in the amount of $3,782.36. A third amended plan, filed December 10, 2010, and providing the same treatment of SABRE'S claim, was confirmed without objection on February 3, 2011.

On December 16, 2010, more than 3 months, but less than 6 months, before the redemption deadline, SABRE filed a Petition for Tax Deed (the "Petition") in the Tazewell County Circuit Court and scheduled the initial hearing on the Petition for May 5, 2011.[1] An order has been entered by the circuit court continuing the matter generally.

This Court has held that a Chapter 13 plan may properly treat the claim of a real estate tax buyer as a secured claim payable over the term of the plan, at least where the petition is filed prior to expiration of the deadline for the homeowner to redeem the sold taxes. *In re McKinney*, 341 B.R. 892 (Bankr.C.D.Ill. 2006), *aff'd, sub nom. Salta Group, Inc. v. McKinney,* 380 B.R. 515 (C.D.Ill. 2008), *appeal dismissed*, 610 F.3d 399 (7th Cir. 2010). By not objecting to the DEBTOR'S plan, SABRE conceded to the proposed treatment of its claim. Now that the plan is confirmed, SABRE is bound by its terms. 11 U.S.C. 1327(a).

The DEBTOR contends that SABRE'S filing of the Petition on December 16, 2010, violated the automatic stay and was willful because SABRE knew of the bankruptcy. SABRE responds that the filing is a permitted carve-out from the broad scope of the automatic stay under section 362(b)(3). SABRE also requests damages against the DEBTOR alleging her motion is baseless.

---

[1] The Petition is pending as Tazewell County Case No. 10-TX-137.

2

Section 362(b)(3) excepts from the automatic stay any act to perfect an interest in property, but only to the extent of the applicability of section 546(b) or section 547(e)(2)(A), neither of which is applicable here. SABRE cites to *In re Giddens,* 298 B.R. 329 (Bankr.N.D.Ill. 2003) and *In re Carmona-Huerta,* 2009 WL 3497125 (Bankr.N.D.Ill. 2009), as supporting the proposition that a tax buyer's filing of a petition for tax deed is an act to "perfect" its interest in the real estate. Whether that proposition is correct or not is far from clear.

In this Court's view, SABRE'S filing of the Petition was not necessary to protect or preserve its rights. Illinois law generally requires that a tax buyer file a petition for the tax deed 3 to 6 months prior to expiration of the redemption period, 35 ILCS 200/22-30, and obtain and record the deed within one year, 35 ILCS 200/22-85. Where the automatic stay in bankruptcy enjoins such acts, however, the time is tolled by the state statute. 35 ILCS 200/22-85; *In re Bates,* 270 B.R. 455, 468-69 (Bankr.N.D.Ill. 2001). The Bankruptcy Code also provides an extension of the state law deadlines for commencing or continuing a civil action outside of bankruptcy court. 11 U.S.C. § 108(c); *Bates,* 270 B.R. at 469.

Perhaps SABRE filed the Petition out of an abundance of caution. Since *Giddens* and *Carmona-Huerta* suggest that a tax buyer must file a petition for tax deed within the time period set out in 35 ILCS 200/22-30, notwithstanding the pendency of a Chapter 13 case filed by the homeowner, in order to "perfect" the interest, there is cause for uncertainty and confusion. In any event, the DEBTOR has suffered no harm, as SABRE has taken no further steps to prosecute the Petition. So even if the filing of the Petition was a violation of the

stay, it was, at most, a technical one, unworthy of punishment. The DEBTOR'S motion will be denied, as will SABRE'S cross-motion.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###